Case 05-24124    Filed 01/16/08    Doc 481



POSTED ON WEBSITE
NOT FOR PUBLICATION

FILED

JAN 16 2008

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA

In re:                                  )    Case No. 05-24124-D-7
                                        )    Docket Control No. HLC-1
RICHARD HARRIS and                      )
SANDRA HARRIS,                          )
                                        )    Date:  December 12, 2007
                 Debtors.               )    Time:  10:00 a.m.
                                        )    Dept:  D
_____)

### MEMORANDUM DECISION

**This memorandum decision is not approved for publication and may not be cited except when relevant under the doctrine of law of the case or the rules of claim preclusion or issue preclusion.**

Jeffrey and Patricia Crowder ("the Crowders") have filed a motion seeking allowance and payment of an amount not to exceed $51,841 as of November 17, 2007, as an administrative expense pursuant to 11 U.S.C. § 503(b).[1] For the reasons set forth below, the court will deny the motion.

### I. BACKGROUND

On April 11, 2005, Richard and Sandra Harris ("the Debtors") filed a joint chapter 13 petition, thereby commencing this case. On August 23, 2005, after an evidentiary hearing, the court converted the case to chapter 7. As of the petition date, the Debtors claimed ownership of certain shares of stock in an entity

_____

1. Unless otherwise indicated, all Code, chapter, section and Rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001-9036, as enacted and promulgated prior to the effective date (October 17, 2005) of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. 109-8, 119 Stat. 23 (2005). "LBR" refers to the Local Bankruptcy Rules for the Eastern District of California.



called AHTNA Government Services Corporation ("AGSC"). The Debtors' interest in the shares, which the Debtors valued at $2,000,000, became property of their bankruptcy estate at the time the petition was filed. Also as of the petition date, the Debtors were appellants in an action pending in the Alaska Supreme Court pertaining to the AGSC shares.

On August 16, 2006 and October 26, 2006, following remand by the Alaska Supreme Court, the Alaska trial court issued orders determining that debtor Richard Harris ("Harris") owned the AGSC shares, subject to his obligation to repay an entity known as AHTNA, Inc., the sum of $33,633 plus interest, not later than November 28, 2006.

On November 17, 2006, at the request of Harris, the Crowders wired funds in the amount of $45,310 to the attorneys for AHTNA, Inc., and said funds were applied in satisfaction of Harris' obligation, as established by the Alaska court's October 26, 2006 order. Harris' obligation to the Crowders was evidenced by a promissory note dated November 15, 2006, in the amount of $45,300 (part of Crowders' Exhibit A in support of their motion filed October 24, 2007).

By subsequent order of this court, the chapter 7 trustee in this case, Michael F. Burkart ("the Trustee"), sold the estate's interest in the AGSC shares for the benefit of the estate.

On October 24, 2007, the Crowders filed a motion for allowance as an administrative expense of the amount they had loaned to Harris and wired to AHTNA, Inc. at Harris' direction ("the Motion"). The Trustee and AGSC opposed the Motion, and AHTNA, Inc. joined in AGSC's opposition. The Crowders filed a

reply to the various oppositions.  The parties presented oral argument at a hearing on December 12, 2007, after which the court invited additional briefing.  The Crowders filed a supplemental brief on December 14, 2007, the Trustee filed a post-hearing reply on January 4, 2008, and AGSC filed a joinder in the Trustee's post-hearing reply on January 7, 2008.  The matter was then taken as submitted.

## II.  ANALYSIS

This court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157(b)(1).  The Motion is a core proceeding under 28 U.S.C. § 157(b)(2)(B).

The Crowders seek administrative expense status for their loan to Harris, the proceeds of which were paid to AHTNA, Inc., pursuant to § 503(b)(1)(A), which affords administrative status to "the actual, necessary costs and expenses of preserving the estate . . . ."  § 503(b)(1)(A).  The burden of proof is on the claimant.  <u>Microsoft Corp. v. DAK Indus. (In re DAK Indus.)</u>, 66 F.3d 1091, 1094 (9th Cir. 1995).

> The claimant must show that the debt asserted to be an administrative expense (1) arose from a transaction with the debtor-in-possession as opposed to the preceding entity (or, alternatively, that the claimant gave consideration to the debtor-in-possession); and (2) directly and substantially benefitted the estate.

<u>DAK Indus.</u>, 66 F. 3d at 1094.

The court need not reach the second prong of this test-- whether the payment by the Crowders to AHTNA, Inc., directly and substantially benefitted the bankruptcy estate in this case, because the court finds that the first prong has not been satisfied.  In short, there was no agreement or transaction

between the Trustee, as the representative of the estate, and the Crowders. Nor did the Crowders give consideration to the estate.

Jeffrey Crowder testified that the Crowders "agreed to, and in fact did, loan the Trustee" the funds transferred to AHTNA, Inc., on terms set forth in an unsigned document entitled "Borrowing Agreement," submitted by the Crowders as an exhibit. Among those terms was that the loan would be "entitled to be paid in priority to the payment of all claims against the bankruptcy estate except for Chapter 7 priority claims." Declaration of Jeffrey Crowder, filed October 24, 2007, ¶ 2.

The court finds to the contrary; namely, that the Crowders' transfer of the funds to AHTNA, Inc., represented a loan to the Debtors, not to the Trustee or the bankruptcy estate. Jeffrey Crowder was asked at a deposition taken November 16, 2007, what he expected would be the source of repayment--in response, he referred to Harris getting the stock shares back and then selling them, and he referred to two promissory notes, one signed by Richard Harris, and a second one signed by Richard and Sandra Harris.[2] Crowder acknowledged that he had no contact with either the Trustee or the Trustee's counsel prior to making the loan, and that no one represented him in negotiating with the Trustee. Concerning the proposed Borrowing Agreement, Crowder stated that Harris told him it "had been passed on to the Trustee," and that Crowder "was never given any indication that the Trustee hadn't accepted it." In fact, Crowder believes Harris told him the Trustee had accepted the agreement.

---

2. A transcript of the deposition appears as Exhibit 2 among the exhibits filed by the Trustee on November 28, 2007.

However, Crowder had never seen a signed copy of the agreement, and Harris was his only source of information as to whether there was an agreement with the Trustee. The only conversations Crowder had at the time he made the loan were with Harris. Although Harris led him to believe the Borrowing Agreement had been approved by this court, Crowder never saw and never requested a copy of an order approving it.

Further, Crowder understood the Borrowing Agreement to be between Harris and the Trustee. Crowder stated, "[i]n my opinion, all contracts are only as good as the person who signs them." In short, he acknowledged he was looking to Harris for repayment. Nowhere does he state that he believed he had an agreement with the Trustee or that he was looking to the Trustee or the bankruptcy estate as either a primary or secondary source of repayment.

The only written evidence of the loan are the two promissory notes submitted by the Crowders as exhibits. As indicated above, the first is signed by Richard Harris, the second, by Richard and Sandra Harris. There is no evidence, written or testimonial, of a loan or an agreement for a loan by the Crowders to the Trustee or the estate. There is no evidence of a direct payment by the Crowders for the benefit of the estate; rather, there was a loan from the Crowders to the Debtors, which Debtor Richard Harris, in turn, directed be used for the potential benefit of the estate.

The Crowders rely on In re Sports Shinko (Florida) Co., 333 B.R. 483 (Bankr. M.D.Fla. 2005), in which the court afforded administrative status to expenses paid by a homeowners' association for maintenance of condominiums on property owned by

a chapter 7 estate, despite the fact that the trustee did not expressly authorize them. The court held that the association furnished consideration to the estate, and that the expenses resulted from a transaction with the estate. 333 B.R. at 501. The present case is distinguishable, however, because the Crowders did not pay an expense on behalf of the estate. Rather, they lent money to the Debtors, who in turn, paid the expense.

The record demonstrates that the Crowders looked solely to the Debtors for repayment. At the December 12, 2007 hearing, counsel for the Crowders stated that the Debtors have left the state without repaying the Crowders. That it may be more convenient for the Crowders to seek payment from the estate is not a basis for allowing an administrative claim.[3]

The transaction in this case was functionally the same as if the Debtors had paid AHTNA, Inc., using a Visa card or Mastercard, and then failed to pay the credit card bill. In that instance, the court would be unable to find a transaction between the credit card lender and the bankruptcy estate. Nor could the court find that the credit card lender gave consideration to the estate. Thus, the court would not be prepared to allow an administrative claim in favor of the credit card lender.

Similarly, in this case, the Crowders lent money to the Debtors, looking to the Debtors for repayment. The transaction was between the Crowders and the Debtors; the consideration

---

3. It is not clear whether the Crowders have sought payment from the Debtors. Jeffrey Crowder testified at his deposition that he had not filed a lawsuit against Richard Harris, had not sent him a letter demanding payment, and had not asked him to pay.

flowed to the Debtors.  The court is not prepared to extend administrative priority out that far.

### III. CONCLUSION

A party seeking allowance of an administrative claim must demonstrate <u>both</u> (1) that his or her claim arose from a transaction with the representative of the estate, either the trustee or a debtor-in-possession (or, alternatively, that the claimant gave consideration to the representative of the estate), and (2) that payment of the expense directly and substantially benefitted the estate.  <u>DAK Indus.</u>, 66 F.3d at 1094.

To extend administrative priority to the Crowders' claim would be to eliminate the first requirement, leaving only the need to show direct and substantial benefit to the estate.  This the court is not prepared to do.

For the reasons set forth above, the court will issue an order denying the motion.

Dated: January 16, 2008    /s/ Robert Bardwil
ROBERT S. BARDWIL
United States Bankruptcy Judge

This document <u>does not</u> constitute a certificate of service. The parties listed below will be served a separate Notice of Entry of the attached order or judgment.

| | | |
|---|---|---|
| Bruce Moore<br>943 W 6th Ave<br>Anchorage, AK 99501 | David Wiseblood<br>560 Mission St #3100<br>San Francisco, CA 94105 | George Hollister<br>655 University Ave #200<br>Sacramento, CA 95825 |
| J. Donald<br>815 S St 2nd Fl<br>Sacramento, CA 95814-0916 | Patrick Gilmore<br>420 L St #500<br>Anchorage, AK 99501 | Thomas Willoughby<br>400 Capitol Mall #1450<br>Sacramento, CA 95814-4434 |

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

## CERTIFICATE OF SERVICE

    The undersigned deputy clerk in the office of the United States Bankruptcy Court for the Eastern District of California hereby certifies that a copy of the document to which this certificate is attached was served by mail to the following entities listed at the address(es) shown below.

Office of the US Trustee
501 I St, Ste 7-500
Sacramento, CA 95814

DATED: 1/16/08

By: _____
**Deputy Clerk**